UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAURICE WILLIAMS,  :  Petitioner, : : v. : THE DISTRICT ATTORNEY OF : PHILADELPHIA and THE ATTORNEY : GENERAL OF PENNSYLVANIA, : Respondents. : | No. 2:07-cv-2845 |

**O P I N I O N**

*Sua Sponte* Dismissal of Petitioner's Habeas Corpus Petition

**Joseph F. Leeson, Jr.**                                                          **November 12, 2020**
**United States District Judge**

I.   **INTRODUCTION & RELEVANT BACKGROUND**

Maurice Williams, proceeding *pro se*, commenced this habeas corpus action pursuant to 28 U.S.C. § 2254 back in 2007. *See generally*, ECF No. 1. Although his habeas petition initially sought habeas relief based solely on evidentiary issues, *see id*. at 5, in 2014 the Court, McLaughlin, J., granted Petitioner's request to incorporate a claim based on the Supreme Court's decision in *Miller v. Alabama*, 132 S.Ct. 2455 (2012). *See* ECF No. 22. The amended petition was then held in abeyance until the conclusion of Petitioner's state court proceedings by Order dated April 10, 2015, which Order also directed Petitioner to "return to federal court within 30 days of the conclusion of his state court proceedings" or risk dismissal of his habeas petition. ECF No. 27.

On July 7, 2015, the matter was reassigned to the Undersigned. *See* ECF No. 29. Thereafter, nothing transpired on the docket until this Court issued an Order to Show Cause

dated February 7, 2020, which was issued after the Court learned that Petitioner had received PCRA relief in the form of re-sentencing in state court on June 13, 2018. *See* ECF No. 30. Specifically, according to the criminal docket in his state court case, Petitioner was resentenced on his underlying conviction on June 13, 2018 from a term of life imprisonment to a term of imprisonment of 22 years to life, thereby receiving relief on his PCRA claim brought pursuant to *Miller v. Alabama*, and resolving this habeas claim. The February 7, 2020 Order to Show Cause directed a response no later than March 7, 2020 as to why the habeas petition should not be dismissed for Petitioner's failure to prosecute. *See* ECF No. 30.

On September 22, 2020, still having heard nothing from the Petitioner, the Court in an abundance of caution issued a final Order to Show Cause, which stated as follows:

> [U]pon consideration of (1) Petitioner Maurice William's petition for habeas corpus relief, *see* ECF No. 1, which was stayed and held in abeyance until the conclusion of Petitioner's state court proceedings by Order dated April 10, 2015, which Order also directed Petitioner to "return to federal court within 30 days of the conclusion of his state court proceedings" or risk dismissal of his habeas petition, ECF No. 27; (2) this Court's Order to Show Cause dated February 7, 2020, which the Court issued after learning that Petitioner had received PCRA relief in the form of re-sentencing in state court on June 13, 2018, and which directed a response from Petitioner no later than March 7, 2020 as to why his petition should not be dismissed, *see* ECF No. 30; and (3) Petitioner's failure to comply with the prior Orders issued in this case, including the April 10, 2015 Order directing the Petitioner to return to federal court within 30 days of the conclusion of his PCRA proceedings—the date of which was June 13, 2018—as well as this Court's March 7, 2020 Order to Show Cause, and his general failure to prosecute his habeas petition; **IT IS HEREBY ORDERED THAT**:
>
>     1.    **No later than October 23, 2020**, the Petitioner shall show cause in writing as to why his habeas petition should not be dismissed for his failure to prosecute the remaining non-*Miller* claims contained therein.
>
>     2.    Petitioner's failure to timely respond to this Order will result in the dismissal of his habeas petition for failure to prosecute.

ECF No. 31 (emphasis in original). In its September 22 Order, the Court also noted that it had "learned that Petitioner was released on parole on October 2, 2018. However, release to parole

does not automatically moot Petitioner's non-*Miller* habeas claims.  *See Harris v. Lagana*, No. CIV. 13-5063, 2015 WL 4413085, at *2 (D.N.J. July 16, 2015) (explaining that the 'custody' requirement for habeas corpus relief 'is defined not only as physical confinement, but includes such limitations on a person's liberty as those imposed during parole').  These claims therefore remain[ed] live and unresolved."  ECF No. 31 at 2 n.3.

A copy of the September 22 Order was mailed to Petitioner at his last known address, SCI-Benner, 301 Institution Drive, Bellefonte, PA 16823.  On November 5, 2020, the Clerk of the Court docketed notice that the September 22 Order was not deliverable as addressed and therefore was returned to sender.  *See* ECF No. 32.  As of the date of this Opinion and Order, the Court has heard nothing else from Petitioner.

## II.     LEGAL STANDARD

A district court's authority to *sua sponte* dismiss a proceeding where a party fails to prosecute its claims derives from a court's inherent authority to control its own proceedings. *Hewlett v. Davis*, 844 F.2d 109, 114 (3d Cir. 1988) ("The power to dismiss for failure to prosecute . . . rests in the discretion of the trial court and is part of its inherent authority to prevent undue delays in the disposition of pending cases and to avoid congestion in its docket."). Indeed, this inherent authority "has been expressly recognized in Federal Rule of Civil Procedure 41(b)."[1]  *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962).  In the Third Circuit, a district court

---

[1]     Although Rule 41(b) is an expression of the courts' long-recognized, inherent authority to control its proceedings, *sua sponte* dismissals are not governed by that Rule.  *See Link*, 370 U.S. at 630-31 ("We do not read Rule 41(b) . . . to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant . . . . The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

may exercise its inherent authority and dismiss a case for failure to prosecute where the following factors weigh in favor of dismissal:

> (1) the extent of the *party's* personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense.

*Parks v. Ingersoll-Rand Co.*, 380 F. App'x 190, 194 (3d Cir. 2010) (emphasis in original) (quoting *Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1984)). While dismissal for failure to prosecute must be a sanction of last resort, "where a plaintiff's actions amount to the willful refusal to prosecute or blatant failure to comply with a district court order, dismissal for failure to prosecute is appropriate."[2]  *Roberts v. Ferman*, 826 F.3d 117, 123 (3d Cir. 2016).

### III.  ANALYSIS

The Court finds that in their totality, the *Poulis* factors outlined above—personal responsibility, prejudice to adversaries, history of dilatoriness, willfulness, alternative sanctions, and meritoriousness of the claims—weigh in favor of dismissal of the habeas petition for Petitioner's failure to prosecute.

As to the first factor, Petitioner has chosen to "proceed[ ] *pro se,* so the responsibility for any failure to prosecute falls on him."  *In re Buccolo*, 308 F. App'x 574, 575 (3d Cir. 2009). This factor therefore weighs in favor of dismissal.

---

[2]  "The Federal Rules of Civil Procedure are applicable to habeas petitions insofar as those rules are not inconsistent with habeas practice." *Burnette v. Attorney Gen. of PA*, No. CIV.A. 11-1216, 2012 WL 604419, at *1 n.1 (W.D. Pa. Jan. 25, 2012), *report and recommendation adopted*, No. CIV.A. 11-1216, 2012 WL 604417 (W.D. Pa. Feb. 24, 2012).

Next, as to prejudice to adversaries, the Court recognizes that it is unlikely that either the Philadelphia District Attorney or the Pennsylvania Attorney General, parties in their official capacities as they are, have or will suffer any true prejudice as a result of Petitioner's abdication of his case.  As such, the second *Poulis* factor is neutral, weighing neither for nor against dismissal.

As to the third factor, the three directives the Court has given Petitioner—(1) the April 10, 2015 Order directing Petitioner to "return to federal court within 30 days of the conclusion of his state court proceedings" or risk dismissal of his habeas petition, ECF No. 27; (2) this Court's February 7, 2020 Order to Show Cause directing a response no later than March 7, 2020 as to why the habeas petition should not be dismissed for failure to prosecute, ECF No. 30; and (3) the final, September 22, 2020 Order to Show Cause, directing that "[n]o later than October 23, 2020, the Petitioner shall show cause in writing as to why his habeas petition should not be dismissed for his failure to prosecute the remaining non-*Miller* claims contained therein," and warning that failure to timely respond to the Order "will result in the dismissal of [the] habeas petition" for failure to prosecute, ECF No. 31[3]—appear to have been disregarded, indicating to the Court a history of dilatoriness.  *See Bembry-Muhammad v. Greenberg*, No. CV 15-8829, 2016 WL 4744139, at *2 (D.N.J. Sept. 12, 2016) ("[B]y missing all of the deadlines imposed by this Court,

---

[3]     Even acknowledging that Petitioner did not receive the final Order to Show Cause because he had been released on parole, his failure to keep the Court apprised of his current mailing address as is his duty as a litigant is, in the Court's view, not inconsistent with a finding of dilatoriness generally.  *See Johnson v. Garman*, No. 1:17-CV-00853, 2018 WL 1783169, at *2 (M.D. Pa. Apr. 13, 2018) (finding as follows with regard to the third *Poulis* factor: "Plaintiff's failure to provide the Court with an updated address as required by the Court's May 16, 2017 Order, coupled with Plaintiff's failure to file a second amended complaint in accordance with this Court's March 9, 2018 Order, even after both Orders cautioned Plaintiff that his case would be dismissed should he not comply, indicates an intent not to continue with this litigation.").

the Appellant has shown a history of dilatoriness."). As such, the third factor weighs in favor of dismissal.

The same circumstances also leave the Court unable to draw any conclusion other than that Petitioner's failure to prosecute this action has been willful. *See Greenberg*; 2016 WL 4744139, at \*2; *Hayes v. Nestor*, No. CIV. 09-6092, 2013 WL 5176703, at \*5 (D.N.J. Sept. 12, 2013) ("[A] consistent failure to obey orders of the court, at the very least, renders a party's actions willful for the purposes of the fourth Poulis factor."). Consequently, the fourth factor is satisfied in favor of dismissal.

With respect to the existence of alternative or lesser sanctions, "cases construing *Poulis* agree" that where a court is "confronted by a *pro se* litigant who will not comply with the rules or court orders, lesser sanctions may not be an effective alternative." *Merrill v. United States*, No. 1:13-CV-2061, 2015 WL 2095321, at \*2 (M.D. Pa. May 5, 2015). In the instant circumstances, the Court finds that lesser sanctions would have no effect on Petitioner's interest in prosecuting this case.[4] *See Hayes*, 2013 WL 5176703, at \*5 ("Based on Plaintiff's continued non-compliance with court orders, repeated failure to participate in discovery, and failure to respond to Defendants' motions to dismiss . . . . [t]he Court finds that alternative sanctions would have no effect on Plaintiff's compliance with court orders, her discovery obligations, or her interest in litigating this case."); *Genesis Eldercare Rehab. Servs., Inc. v. Beam Mqmt., LLC,* No. 07–1843, 2008 WL 1376526, at \*2 (E.D. Pa. Apr.9, 2008) (finding that sanctions other than default would be insufficient where defendant "demonstrated its complete neglect of its obligations as a litigant in this matter"). Moreover, Petitioner's failure to update the docket with

---

[4] This conclusion is also facially logical, as he has received PCRA relief in the form of a much reduced sentence and subsequent release on parole.

his current mailing address while out on parole forecloses any further action in this case altogether, including potential lesser sanctions. As such, the fifth *Poulis* factor weighs in favor of dismissal.

Finally, the Court is unable to determine whether Petitioner's non-*Miller* habeas claims have merit based upon the record before it. The Court therefore considers this factor to be neutral.

## IV.    CONCLUSION

Because the totality of the *Poulis* factors weigh in favor of dismissal, Petitioner's habeas petition is dismissed, with prejudice. An Order to this effect follows this Opinion.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge